IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No.  21-cv-01029-RBJ

RICHARD ANTHONY ORNELAS,

    Plaintiff,

v.

PIKES PEAK REGIONAL BUILDING DEPARTMENT,
ROGER LOVELL,
MARK MAHLER,
MICHAEL ROWE,
SCOT GRING,
NEIL CASE,
CHRISTINE RIGGS,
LOREN MORELAND,
JIM ROSE,
JAY EENHUIS,
JOHN WHELTON,
JACK ARRINGTON,
JESSIE KING,
REBECCA MULDER,
LINDA GARDNER,
VIRJINIA KOULTCHITZKA,
LICENSING COMMITTEE,
TIM DRUMMER,
PAM DRUMMER,
RONNIE MOORE,
IAN KAULENBACH,
BERT WARCHOL,
JEREMY ANDERSON,
BOB FRAZIER,
MATTHEW MATZEN,
TRAY ORTIZ,
TODD WELCH, and All Parties Affiliated ie; Witnesses, Staff, Employees, Supervisors, Boards and Committees,

    Defendants.

1

ORDER on MOTION TO DISMISS

Defendants move to dismiss this case for lack of jurisdiction and failure to state a claim on which relief could be granted. Plaintiff has not responded. The Court now grants the motion for the reason summarized in this order.

## BACKGROUND

Richard Anthony Ornelas is a contractor who works in the Colorado Springs area. In his original complaint, filed pro se on April 13, 2021, he sued the Pikes Peak Regional Building Department (the "Building Department") and 26 other defendants. The nature of his claims (and an amended complaint that he filed the next day) was not clear, but they concern his contractor's license. Based on an exhibit to the original complaint, it appears that homeowners named Drummer hired Mr. Ornelas to do some work at their home in June 2020, but they became dissatisfied with the quality of his work and filed a complaint with the Department. It turns out that Mr. Ornelas had not obtained a permit for the project. The Department's Licensing Committee voted not to revoke Mr. Ornelas's license, but because this was the second similar situation concerning him, they placed a letter of reprimand in his file and placed certain temporary restrictions on his license. Mr. Ornelas did not believe that the Drummer project required a license, and he also believes that he was entitled to some kind of upgrade of his license. His lawsuit essentially accused the defendants of violating his due process and other constitutional rights, and he also claimed discrimination based upon his race, Bi-Racial African American and Hispanic Male.

Mr. Ornelas also filed a "motion to cease and desist, essentially asking the Court to enjoin an administrative hearing scheduled to take place on April 15, 2021. ECF No. 5. The Court denied the motion, noting that it did not address the requirements for a preliminary injunction, and that there was no indication that the defendants had been served with the summons and complaint. The Court recommended that he obtain legal counsel if possible. ECF No. 8.

Mr. Ornelas then filed a "motion to satisfy tort" that had no substance to it. ECF No. 11. The Court denied the motion and recommended that he either contact the legal aid office in his area or contact the pro bono clinic in this courthouse to obtain legal assistance. ECF No. 13.

Shortly thereafter Mr. Ornelas filed a Second Amended Complaint. ECF No. 14. In this document he names largely the same group of defendants. In a first claim he alleges unlawful retaliation for his having filed a discrimination complaint based on the termination of his employment by Challenger Homes in January 2015. He appears to blame that termination on Challenger Homes' attorney, Todd Welch, who allegedly heard some negative things about him from Roger Lovell at the Building Department. Mr. Welch and Mr. Lovell are among the defendants named in the Second Amended Complaint.

In his second claim Mr. Ornelas asserts several constitutional and tort claims related to his contractor's license. He recites that his license was revoked in September 2017, then reinstated, in March 2019. He seeks compensation for lost time, lost wages, and lost opportunities during the period of revocation.

Although not designated as such, he appears to assert a third claim on various theories (conspiracy, perjury, breach of contract, defamation, intentional infliction of emotional distress,

application of a vague rule) arising from the events surrounding the Drummer project in June 2020 and the subsequent hearing before the Licensing Committee.  *See* ECF No 14 at 10.  He asserts that two committee members swayed the committed against him by making false statements, and that others who appeared before the committee received more favorable treatment.

On the same day that Mr. Ornelas filed his Second Amended Complaint he also filed (in this case) an "Employment Discrimination Complaint."  ECF No. 16.  In this document he complained conditions of his employment (by Challenger Homes in or before 2015?) and the revocation of his contractor's license (in 2017?) were based on unlawful discrimination based on race and color.

On June 25, 2021 defendants, following this Court's practice standards procedure, filed a letter of intent to move to dismiss.  ECF No. 19.  Mr. Ornelas did not respond.  The Court indicated that there might be a viable motion.  ECF No. 20.  Defendants filed their motion to dismiss on July 28, 2021.  ECF No. 21.  They argue that the Second Amended Complaint fails to state a claim on which relief could be granted because many of its "claims" such as abuse of power, abuse of authority, free enterprise, oppression, overreach, malice, conflict of interest, fairness, and reckless disregard, are not legally viable causes of action.  ECF No. 21 at 4.  Other claims that might be legally viable in some contexts are not applicable to this case, for example, ex post factor, bill of attainer, double jeopardy, void for vagueness, cruel and unusual punishment.  *Id.*  Still other claims that could conceivably be viable in this context (the motion lists trespass, breach of contract, racketeering, fraud, conspiracy, intentional infliction of emotional distress, defamation) are based on conclusions, not plausibly based on facts alleged.

4

*Id.* at 5-6. With respect to the claim that Mr. Ornelas's contractor's license was improperly revoked or restricted, defendants state that the Second Amended Complaint does not properly set forth a due process claim. *Id.* at 6. And, defendants argue, the discrimination claims fail because plaintiff did not allege that he exhausted his administrative remedies by filing a complaint with the Colorado Civil Rights Division or the Equal Employment Opportunity Commission. *Id.*

Defendants also argue that plaintiff mistakenly joined 18 individual agents of the Building Department (who were acting within the scope of their employment or agency) and three parts of the Building Department, such as its Licensing Committee, when only the Building Department should have been sued. *Id.* at 6-7. And they note that to the extent that plaintiff's complaints concern his treatment by his former employer Challenger Homes, that is a separate entity from the Building Department. Finally, defendants argue that plaintiff's state law claims are barred by the Colorado Governmental Immunity Act. *Id.* at 7-8.

Plaintiff did not respond to the motion to dismiss. Rather, after the time for a response had expired, he filed a Third Amended Complaint. ECF No. 22. Defendants moved to strike the Third Amended Complaint, noting that it was not properly filed because Mr. Ornelas has not obtained their consent or leave of court as required by Fed. R. Civ. P. 15(a)(2). Alternatively, defendants argued that the Third Amended Complaint had the same substantive deficiencies as the earlier versions. The Court granted the motion and struck the Third Amended Complaint. ECF No. 25. However, the Court sua sponte extended the deadline for plaintiff to respond to the motion to dismiss to September 20, 2021. ECF No. 24. The Court warned that it would rule on the motion without a response if no timely response were filed. *Id.* No response to the motion to dismiss was filed by September 20, 2021 (or since).

## STANDARD OF REVIEW

To survive a 12(b)(6) motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A plausible claim is a claim that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the Court must accept the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff, *Robbins v. Wilkie*, 300 F.3d 1208, 1210 (10th Cir. 2002), conclusory allegations are not entitled to be presumed true, *Iqbal*, 556 U.S. at 681. However, so long as the plaintiff offers sufficient factual allegations such that the right to relief is raised above the speculative level, he has met the threshold pleading standard. *See, e.g.*, *Twombly*, 550 U.S. at 556; *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008).

The Colorado Governmental Immunity Act ("CGIA") provides that, subject to certain exceptions, a "public entity shall be immune from liability in all claims for injury which lie in tort or could lie in tort." Colo. Rev. Stat. § 24-10-106(1).  Whether a public entity is protected by this grant of immunity is a question of subject-matter jurisdiction to be decided under Rule 12(b)(1).  *See Rooker v. Ouray Cty.*, 841 F. Supp. 2d 1212, 1215 (D. Colo.), *aff'd,* 504 F. App'x 734 (10th Cir. 2012) (unpublished).

A pro se litigant's pleading must be construed liberally, although the Court cannot act as the litigant's advocate.  *See, e.g., Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

## CONCLUSIONS

Mr. Ornelas's allegations in his Second Amended Complaint, and in earlier versions of his complaint as well, do not state a viable claim for relief, no matter how liberally they are construed. Essentially, he strings together a series of incidents in which he feels he was mistreated, terms that describe various kinds of legal wrongs, and a list of defendants who may or may not have had any significant role in the alleged wrongs, in what amounts to a stream of consciousness. It is not a short and simple statement of a claim, as required by Rule 8. It is not based upon a clear or organized set of alleged facts that plausibly support a claim. It is oblivious to such things as jurisdiction (the Colorado Governmental Immunities Act) and exhaustion of administrative remedies (the discrimination claims). Frankly, it is a mish-mash of things that he is unhappy about that is not tethered to a cognizable legal claim.

I do not mean to be too critical. Mr. Ornelas is a builder, not a lawyer. He clearly believes that he was poorly treated by his former employer, Challenger Homes, when his employment was terminated in 2015, although Challenger Homes has not been named as a defendant. He believes that he was poorly treated by the Building Department when his contractor's license was revoked in 2017. His license was reinstated in 2019, but he believes that he was poorly treated again in 2021 when his license was temporarily restricted (but not revoked) following a customer complaint. He believes that all of these things were motivated by his race. I cannot rule out the possibility that there might be a plausible claim about something. The problem is, after several efforts, he has not stated a claim, and he has ignored the defendant's motion to dismiss. The time comes when it is not fair to all of these defendants to

have this collection of accusations hanging over them and requiring them to incur costs of defense.

The Court will dismiss this case but without prejudice based upon his failure to establish jurisdiction with respect to some of his claims, his failure to state a claim due in part to his lack of familiarity with how to do so, and his failure to prosecute. However, I strongly urge Mr. Ornelas to obtain some legal guidance before filing another lawsuit. I have referred him to two potential sources of such assistance. I wish him well.

## ORDER

Defendants' motion to dismiss, ECF No. 21, is GRANTED. This case is dismissed without prejudice. As the prevailing parties, defendants are awarded costs to be taxed by the Clerk pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

DATED this 1st day of December, 2021.

BY THE COURT:

R. Brooke Jackson
United States District Judge